907 F.2d 562
 17 Fed.R.Serv.3d 573
 Andrew SEARCY, Jr., Plaintiff-Appellant,
v.
HOUSTON LIGHTING & POWER COMPANY, Central and South West
Corporation, Central Power and Light Company,
Texas Utilities Electric Company, and
Texas Utilities Fuel Company,
Defendants-Appellees.
 Nos. 89-6119, 89-6184
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 6, 1990.
Rehearing Denied Aug. 28, 1990.
 
 Andrew Searcy, Jr., Columbus, Ga., pro se.
 Richard L. Adams, L. Scott Austin, Worsham, Forsythe, Sampels & Wooldridge, Dallas, Tex., for Texas Utilities Elec. Co. and Texas Utilities Fuel Co.
 L. Chapman Smith, Paul L. Mitchell, Teresa Valderrama, Baker & Botts, Houston, Tex., for Houston Lighting & Power Co.
 Mary Katherine Kennedy, Mark Edwin Lowes, Bracewell & Patterson, Houston, Tex., for Central and South West Corp., and Central Power and Light Co.
 Appeal from the United States District Court for the Southern District of Texas.
 Before JOHNSON, SMITH, and WIENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Andrew Searcy appeals from a summary judgment granted on the merits in favor of defendants and from a judgment awarding defendants sanctions under Fed.R.Civ.P. 11 in the amount of $109,335.30. Finding no error, we dismiss the appeal as frivolous and sua sponte award sanctions on appeal to defendants, under Fed.R.App.P. 38, in the amount of $5,000.00.
 
 I.
 
 2
 Searcy is the president, founder, and chief executive officer of the Xxerxe Group, Inc. ("Xxerxe"), a company he founded as an energy resource firm. The company purchases, produces, transports, and markets energy resources such as natural gas. In 1986, Searcy, as president, requested of each of the defendants the opportunity to provide competitively-priced natural gas to their subsidiaries consistent with the defendants' public utility contracts with the United States government. Each time, the defendants refused, stating that they would consider buying only on a short-term, spot basis, not on the basis of the long-term contract Searcy sought.
 
 
 3
 Represented by counsel, Xxerxe subsequently brought suit against the defendants and others in the United States District Court for the District of Columbia, alleging that the defendants had breached their public utility contracts with the federal government under the Small Business Act, 15 U.S.C. Sec. 637(d). That action was dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.
 
 
 4
 The district court raised sua sponte the matter of sanctions against Xxerxe for bringing a frivolous action but decided not to impose sanctions. However, the United States Court of Appeals for the District of Columbia Circuit, in summarily affirming, awarded $39,844.30 in costs and attorneys' fees to the defendants.
 
 
 5
 Two years later, Searcy and Xxerxe realleged, through counsel, in an action filed in the United States District Court for the Southern District of Texas, the same section 637(d) claim as well as a discrimination claim under 42 U.S.C. Sec. 1981. That court first dismissed the Sec. 637(d) claim, holding that that statute provides for no private cause of action, and dismissed Searcy's individual section 1981 claims on the ground that harm redressable under that section was done to Xxerxe and not to Searcy individually. The court admonished Xxerxe that rule 11 sanctions would be awarded for the filing of frivolous claims.
 
 
 6
 Xxerxe amended its complaint, alleging only violations under section 1981, and defendants moved to dismiss. Xxerxe's attorney then successfully moved to withdraw from the case, citing Searcy and Xxerxe's lack of cooperation and inability to pay. The district court advised Searcy to hire new counsel to represent Xxerxe, but Searcy proceeded to try to represent both himself and Xxerxe and to file pleadings not authorized by the court.
 
 
 7
 Subsequently, the court held that the section 1981 claims were time-barred and that the amended complaint failed to state a claim upon which relief may be granted. Accordingly, summary judgment was granted in favor of all defendants. Following a detailed submission of defendant's attorneys' time records and hourly rates, the court imposed sanctions upon Searcy and Xxerxe in the amount of $109,335.30, representing reasonable attorneys' fees.
 
 II.
 A.
 
 8
 Searcy has failed to obtain new counsel for Xxerxe and has sought to represent, pro se, both his individual interests and those of Xxerxe. Searcy is not now, and does not appear from the record ever to have been, an attorney. Hence, we heretofore have dismissed Xxerxe's appeal, since Xxerxe was not represented by counsel. See, e.g., Theriault v. Silber, 579 F.2d 302 (5th Cir.1978) (per curiam).
 
 B.
 
 9
 Searcy's appeal on his own behalf is vague and confusing. It is difficult to determine what errors the district court is alleged to have made. Consequently, the defendants have taken the position that the brief is insufficient to raise any legitimate legal issues for this court's consideration, citing Haugen v. Sutherlin, 804 F.2d 490, 491 (8th Cir.1986), and Knighten v. Commissioner, 702 F.2d 59, 60 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).
 
 
 10
 A review of Searcy's brief lends credence to defendants' assertion, as the brief contains a series of unrelated statements and legal conclusions that do not point to error. However, given the liberal construction to be accorded the pleadings of pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we proceed now to address two issues arguably presented to us for review.
 
 1.
 
 11
 Searcy, the sole remaining appellant, is the one who must make out a case or controversy between himself and the defendants within the meaning of article III. This "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). To be determined is whether Searcy has "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Id. at 498-99, 95 S.Ct. at 2204-05 (emphasis in original).
 
 
 12
 Federal court jurisdiction can be invoked "only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action....' " Id. at 499, 95 S.Ct. at 2205 (quoting, inter alia, Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)). Searcy "cannot rest his claim to relief on the legal rights or interests of third parties." Id.
 
 
 13
 Searcy cannot prevail on appeal by arguing injury to Xxerxe, which is not a party to this appeal. Searcy likewise has no standing to raise any issue as to injury to himself personally under the Small Business Act, as he had no right under that act, as an officer of Xxerxe, to the "maximum practicable opportunity" to contract with the defendants. Specifically, 15 U.S.C. Sec. 637(d) enunciates the policy of allowing small business concerns, and small business concerns owned and controlled by socially and economically disadvantaged individuals, to have the maximum practicable opportunity to participate in federal agency contracts. Indeed, any claim by Searcy individually, with respect to contracting opportunities, would appear to constitute a breach of his fiduciary duty of loyalty to Xxerxe under Texas corporation law. See Canion v. Texas Cycle Supply, Inc., 537 S.W.2d 510, 513 (Tex.Civ.App.--Austin 1976, writ ref'd n.r.e.).
 
 
 14
 Searcy, likewise, has no standing, individually, to assert claims against the defendants under section 1981. The discrimination alleged by Searcy can be asserted to invade the legal rights of Xxerxe only, since the corporation, and not its directors, officers, or shareholders, has any of the colorable rights that Searcy claims were violated by the defendants. Cf. Gregory v. Mitchell, 634 F.2d 199, 202 (5th Cir. Jan.1981) (no standing in action under 42 U.S.C. Sec. 1983 for officers or shareholders to maintain suit to redress injury to the corporation); see also Des Vergnes v. Seekonk Water Dist., 601 F.2d 9, 16 (1st Cir.1979), cert. denied, 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981) (no standing for president and sole shareholder in section 1981 action to redress defendant's breach of duty to corporation). Thus, as Searcy has no standing to assert the issues purportedly raised, the amended complaint was properly dismissed.
 
 2.
 
 15
 To the extent Searcy raises, on appeal, the question of the propriety of the rule 11 sanctions, his argument is unavailing. The district court assessed sanctions after warning Searcy and Xxerxe not to file frivolous pleadings. The award followed the submission of detailed affidavits from defendants' counsel, to which Searcy filed no response or objections despite having been invited to do so by the district court. Accordingly, his vague, unspecific allegation of error, raised for the first time on appeal, need not be considered now. Taylor v. Green, 868 F.2d 162, 165 (5th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 127, 107 L.Ed.2d 87 (1989).
 
 
 16
 Even were we to find that the issue is properly before us, Searcy has not shown that the district court abused its discretion in imposing sanctions. "[T]he district court is vested with considerable discretion in determining the 'appropriate' sanction to impose on the violating party." Thomas v. Capital Security Servs., Inc., 836 F.2d 866, 876-77 (5th Cir.1988) (en banc). Thus, a district court's imposition of rule 11 sanctions is reviewable only for abuse of discretion. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, ---- - ----, 110 S.Ct. 2447, 2551-53, 110 L.Ed.2d 359 (1990).
 
 
 17
 This matter had already been heard and decided on an identical issue before the District of Columbia Circuit, where Searcy and Xxerxe had been sanctioned. The district court admonished Searcy and Xxerxe in the instant case that further frivolous filings would result in sanctions but, in any event, let them amend; the court imposed sanctions only after the filing of the second amended complaint containing frivolous claims.
 
 
 18
 Having been sanctioned once, and presumably unconvinced by having paid the amount assessed, Searcy and Xxerxe filed the instant case in blatant violation of rule 11. Under the circumstances, the district court did not abuse its discretion in imposing sanctions for the gross abuse of the judicial process exhibited by these plaintiffs.
 
 3.
 
 19
 Still undeterred, Searcy has brought a totally meritless appeal to this court. "[I]t is not [Searcy's] right to appeal the judgment against [him] that is at issue; rather the point is that [his] entirely 'frivolous' appeal is an unjustified consumption of appellate resources, which ... 'has put the appellee to heavy expense required to analyze the record, brief the issues and argue the case.' " Coghlan v. Starkey, 852 F.2d 806, 809 (5th Cir.1988) (per curiam) (quoting Bank of Canton, Ltd. v. Republic Nat'l Bank, 636 F.2d 30, 31 (2d Cir.1980)). See also Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986) (one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets).
 
 
 20
 In appropriate cases, we may impose appellate sanctions sua sponte, see Coghlan, 852 F.2d at 807, and Fed.R.App.P. 38 is the appropriate vehicle for such sanctions. Cooter & Gell, --- U.S. at ----, 110 S.Ct. at 2553. We do so here, and levy sanctions against Searcy and Xxerxe, jointly and severally, in favor of defendants, in the amount of $5,000.00. The appeal, being frivolous, is DISMISSED pursuant to Fifth Cir.Loc.R. 42.2.