CARDINAL TOWING & AUTO REPAIR, INC., and David Matoke, Individually, Plaintiffs,

v.

CITY OF BEDFORD, TEXAS, et al., Defendants.

No. 4:97–CV–112–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 9, 1998.

Becky Grein, City Council Member in her official and individual capacity, Lisa Daly, City Council Member in her official and individual capacity, Stephen Peak, City Council Member in his official and individual capacity, Charles Orean, City Council Member in his official and individual capacity, Danny McDowell, City Council Member in his official and individual capacity, Leahmon Chambers, City Council Member in his official and individual capacity, Jim R. Simpson, Chief of Police in his official and individual capacity.

James A. Cribbs, Cribbs & McFarland, Arlington, TX, for B & B Wrecker Services Inc., defendants.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of plaintiffs, Cardinal Towing & Auto Repair, Inc., ("Cardinal") and David Matoke ("Matoke"), (collectively "plaintiffs") for partial summary judgment and the motion for summary judgment of defendants City of Bedford, Texas ("City"), Rick Hurt ("Hurt"), Becky Grein ("Grein"), Lisa Daly ("Daly"), Stephen Peak ("Peak"), Charles Orean ("Orean"), Danny McDowell ("McDowell"), Leahmon Chambers ("Chambers"), and Jim R. Simpson ("Simpson")(collectively "city defendants").[1] Having considered the motions, the responses, the record, the summary judgment evidence, and applicable authorities, and having heard argument of counsel at a pretrial conference held January 5, 1998, the court finds that plaintiffs' motion should be denied and that city defendants' motion should be granted. City defendants have demonstrated that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law that plaintiffs take nothing on their claims against them.

### I.

#### Plaintiffs' Complaint

On February 19, 1997, plaintiffs sought judicial declarations pursuant to 28 U.S.C.

Gilbert Craig Hubble, Law Office of G. Craig Hubble, Arlington, TX, for Cardinal Towing & Auto Repair Inc., David Matoke, Individually, plaintiffs.

James Thomas Jeffrey, Jr., Remington & Jeffrey, for City of Bedford Texas, a Municipal Corporation, Rick Hurt, Mayor of City of Bedford in his official and individual capacity,

---

1. Plaintiffs have also joined B & B Wrecker Services, Inc., ("B & B") as a nominal defendant pursuant to Fed.R.Civ.P. 19(a). B & B is not a party to the defense motion, but all parties agreed at the pretrial conference held January 5, 1998, that, if city defendants prevail on their motion, the judgment will run in favor of B & B as well as city defendants.

§ 2201 that Chapter 25½ of City's Code of Ordinances ("Chapter 25½") is invalid because it is preempted by 49 U.S.C. § 14501(c)(1), and that the contract entered into between City and B & B, a competitor of Cardinal, pursuant to Chapter 25½ ("the Contract") is invalid because it also is preempted. Consistent with their request for a declaratory judgment, plaintiffs seek an award of damages for lost profits and earnings as well as a permanent injunction requiring defendants to assign nonconsent tows initiated by City to all eligible wrecker services, including Cardinal, on an equal rotation basis. Finally, plaintiffs assert claims of intentional racial discrimination pursuant to 42 U.S.C. §§ 1981 and 1983.

## II.

### Defendants' Answer

City defendants answered by denying that Chapter 25½ or the Contract is preempted, and by denying any discrimination on their part. They also assert various forms of immunity as affirmative defenses.

## III.

### Grounds of the Plaintiffs' Motion

Plaintiffs maintain that they are entitled to a partial summary judgment on the ground that Chapter 25½ and the Contract relate to a price, route, or service of a tow truck operator with respect to the transportation of property, and are therefore preempted and nullified by 49 U.S.C. § 14501(c)(1). Plaintiffs argue that Chapter 25½ and the Contract are not excepted by 49 U.S.C. § 14501(c)(2) from preemption.

## IV.

### Grounds of City Defendants' Motion

City defendants assert that they are entitled to a summary judgment for essentially the opposite reasons as those urged by plaintiffs. First, they argue that Chapter 25½ and the Contract are not preempted because they are outside the scope of the coverage of § 14501(c)(1). Second, they say that Chap-

ter 25½ and the Contract are excepted by § 14501(c)(2) from preemption. Finally, city defendants claim that they are entitled to summary judgment on plaintiffs' claims of intentional racial discrimination because plaintiffs cannot meet their burden of adducing summary judgment evidence of intentional racial discrimination, and because they are, in any event, immune from suit on such claims.

## V.

### Undisputed Facts

On November 28, 1995, City's city council adopted Ordinance No. 2280 ("the Ordinance"), which amended and repealed certain portions of Chapter 25½ regarding vehicle tows performed within the City at the request of City, acting through the officers in its police department ("City-requested tows"). Prior to the adoption of the Ordinance, Chapter 25½ provided for an equal rotation system pursuant to which all wrecker services meeting certain minimum qualifications were placed on a list maintained by the Police Department. These wrecker services were then assigned City-requested tows on a rotation basis. After the adoption of the Ordinance, Chapter 25½ contemplated that City would enter into an exclusive contract with one wrecker service to provide all City-requested tows.

On January 11, 1996, City published a request for bid proposals to be submitted by wrecker services interested in the proposed contract, which request contained certain general terms and specifications. Three wrecker services, Cardinal, B & B, and ABC Wrecker Service,[2] submitted bid proposals, and the City Council awarded the contract to B & B at its March 5, 1996, meeting. After the City Council had voted to award the contract to B & B, Matoke, the owner of Cardinal and an African–American, expressed his concern to the City Council that he was unfairly disqualified from the bidding process. Thereafter, the City Council, after meeting in an executive session with its attorneys, voted to rescind and re-bid the contract.

**2.** These same wrecker services had all been used as part of the previous rotation system.

On May 31, 1996, City again published a request for bid proposals, which included several additional specifications to be met by the successful bidder. On September 3, 1996, City notified plaintiffs by letter that it had again amended the general specifications by further increasing the insurance requirements. The same three wrecker services submitted proposals, and, on September 24, 1996, City again awarded the contract to B & B. Plaintiffs did not meet the amended specifications at the time City awarded the second contract.

Thereafter, plaintiffs filed the instant suit against City, Hurt, the mayor of City and a voting member of the City Council, in his official and individual capacities, city council members Grein, Daly, Peak, Orean, McDowell, and Chambers, in their official and individual capacities, and Simpson, the chief of police, in his official and individual capacities, to have the Ordinance and the Contract declared invalid and for intentional racial discrimination in the award of the contract to B & B.

## VI.

### Analysis

#### A. The "Preemption" Issue:

■ The threshold preemption issue is whether Chapter 25½ or the Contract is unenforceable by reason of the preemptive effect of 49 U.S.C. § 14501(c)(1).[3] The court is not persuaded that Congress intended by the statute to prohibit a municipality from entering into a contract with a tow truck operator to perform, upon call from the municipality, services that directly or indirectly benefit the municipality by causing vehicles to be moved from one place to another for safety or other reasons related to the conduct of the municipality's operations and business. Obviously, the Ordinance and the Contract relate to a price, route, or service of a tow truck operator, but only the one which has contracted with City, B & B. If, as the court believes, City is authorized by law to make such a

contract, of necessity City can lawfully include in its Ordinance and Contract provisions relating to a price, route, or service of the contracting tow truck operator. The court has concluded that the motion for summary judgment of city defendants should be granted for this reason, and that plaintiffs' motion for partial summary judgment should be denied for the same reason.

The court is not making an analysis of the other reasons given by city defendants why summary judgment should be granted on the preemption issue. However, the court notes that it agrees in principle with the reasoning employed in *Harris County Wrecker Owners v. City of Houston*, 943 F.Supp. 711 (S.D.Tex.1996), and is inclined to think that an application of that reasoning to the facts of the instant case would lead to the conclusion that, even if the Contract and Ordinance otherwise were within the coverage of § 14501(c)(1), the exceptions provided by § 14501(c)(2) would take the Ordinance and Contract out of the coverage. There is no doubt that the Ordinance and Contract have a safety purpose, nor is there a reason why City cannot require in a contract that the contracting tow truck operator will provide an amount of financial responsibility relating to insurance in excess of the state-required minimum. And, of course, the part of the Ordinance and Contract having to do with the price of the services falls directly within the scope of the exclusion defined by § 14501(c)(2)(C).

#### B. The Racial Discrimination Claims:

■ Although both Matoke, individually, and Cardinal assert racial discrimination claims pursuant to 42 U.S.C. §§ 1981 and 1983, Matoke lacks standing to assert such claims as his claims are merely derivative of Cardinal's claims; that is, "the discrimination could only be asserted to invade the legal rights of the corporation and not the rights of the plaintiff, the company's sole shareholder." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 277 (5th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 739, 139 L.Ed.2d 675

---

**3.** Section 14501(c)(1) expressly prohibits a state or a political subdivision thereof from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law relat-
ed to a price, route, or service of any motor carrier ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1) (1997).

(1998)(citing *Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562 (5th Cir.), *cert. denied*, 498 U.S. 970, 111 S.Ct. 438, 112 L.Ed.2d 421 (1990)). In addition, if Cardinal has a right to assert a discrimination claim, ·its sole remedy would be under § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 723, 109 S.Ct. 2702, 2716–17, 105 L.Ed.2d 598 (1989)(holding that § 1983 provides the exclusive federal damages remedy for the rights guaranteed by § 1981 when the claim is pressed against a state actor). The court· is assuming for the purpose of this opinion that Cardinal would have a § 1983 cause of action if its bid was rejected because of the race of Matoke, its ·sole shareholder. *See Gersman v. Group Health Ass'n, Inc.*, 931 F.2d 1565, 1568–70 (D.C.Cir.1991), *vacated on other grounds*, 502 U.S. 1068, 112 S.Ct. 960, 117 L.Ed.2d 127, *reinstated* 975 F.2d 886 (1992), *cert. denied*, 511 U.S. 1068, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994). However, for the reasons given below, the court is not required to decide that issue.

■■■ In order to state a cause of action for racial discrimination under § 1983, the plaintiff must show that the defendant was motivated to make the decision in question by intentional discrimination on the basis of race. *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir.1996). There is no direct evidence of discrimination in the summary judgment record. Therefore, the court must evaluate whether Cardinal has created an inference of unlawful discrimination by establishing a *prima facie* case. Of course, the ultimate burden of proof of discrimination rests at all times on Cardinal. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

As a general rule, to establish a *prima facie* case of intentional discrimination, the plaintiff must show that (1) he is a member of a protected class, (2) he applied for a position for which the employer was seeking applicants, (3) he was qualified for the position when he applied, (4) he was not selected for the position, and (5) after the plaintiff was rejected, the position either remained open or an individual outside the protected class was hired to fill it. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir.

1994). In the instant action, the bid proposal submitted by Cardinal is analogous to an individual applying for a job with an employer.

■■■ Without considering the other requirements of a *prima facie* case, there is no summary judgment evidence that Cardinal was qualified to compete for the contract at the time it submitted its second bid proposal. Instead, the undisputed summary judgment evidence is that Cardinal did not own a class 8 wrecker, own or lease storage facilities at the same location as its business office, or maintain a computerized record keeping system compatible with City's system, all of which were included in the general specifications established by City in its second request for bid proposals. The prospect that Cardinal might have met the specifications after a contract was awarded does not satisfy the bid specifications. ·Thus, the court finds that the summary judgment evidence does not raise an inference of unlawful discrimination.

### C. *Summary Judgment Standard:*

A party is entitled to summary judgment on all or any part of a. claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this. burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). Once the moving party has carried· its burden under Rule 56(c), the nonmoving party must· do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348,

**578**

1355–56, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552–53. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita,* 475 U.S. at 597, 106 S.Ct. at 1361–62.

Plaintiffs have failed to meet their summary judgment burden as to either theory of recovery asserted by them. Therefore, the motion of city defendants should be granted, and the motion of plaintiffs should be denied.

### VII.

#### *ORDER*

For the reasons discussed herein,

The court ORDERS that:

(1) plaintiffs' motion for partial summary judgment be, and is hereby, denied;

(2) city defendants' motion for summary judgment be, and is hereby, granted;

(3) all claims and causes of action asserted by plaintiffs against city defendants and B & B in the above-captioned cause be, and are hereby, dismissed with prejudice; and

(4) all defendants have and recover from plaintiffs, jointly and severally, all costs of court incurred by them in this action.