IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10863
Conference Calendar
_____

ANTONIO RENAULD HENDERSON,

                                        Plaintiff-Appellant,

versus

CRIMINAL DISTRICT COURT #3,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-435-G
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Antonio Renauld Henderson, Texas prisoner # 98060475, was a Texas pretrial detainee at the time he filed this 42 U.S.C. § 1983 civil rights action.  Henderson does not address the district court's dismissal of his damage claim against the state trial court and judge as frivolous.  He argues merely that he is entitled to a trial and to confront the witnesses against him.  When an appellant fails to identify any error in the district court's analysis, it is as if the appellant had not appealed that judgment.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Henderson did not address the district court's dismissal of his damages claims as frivolous, he has abandoned the only issue before this court on appeal. See Searcy v. Houston Lighting & Power Co., 907 F.2d 562, 564 (5th Cir. 1990). However, any claim against the state trial court is barred by the Eleventh Amendment. See Farias v. Bexar County Bd., 925 F.2d 866, 875 n.9 (5th Cir. 1991). Further, the trial judge has judicial immunity from Henderson's damage claim. See Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

Henderson also sought immediate release. After the judgment was filed, Henderson sent a letter to the district court stating, among other things, that he had been convicted and sentenced. Henderson's pretrial habeas claim was rendered moot by his conviction and sentence. See Yohey, 985 F.2d at 228-29; Fassler v. United States, 858 F.2d 1016, 1017-18 (5th Cir. 1988).

Henderson's appeal is without arguable merit and thus is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Henderson's appeal is DISMISSED as frivolous. See 5th Cir. R. 42.2.

Henderson should be cautioned that the district court's dismissal of this action as frivolous counts as a "strike" under § 1915(g) after this court issues its decision dismissing this appeal as frivolous and that the dismissal of this appeal as

frivolous also counts as a "strike" under § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). Henderson should be cautioned that if he accumulates a third "strike" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.