IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11167
Conference Calendar
_____


ANTONIO RENAULD HENDERSON,

                                             Plaintiff-Appellant,

versus

COUNTY CRIMINAL COURT #7,

                                             Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-505-D
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Antonio Renauld Henderson, Texas prisoner # 98060475, was a
Texas pretrial detainee at the time he filed this 42 U.S.C.
§ 1983 civil rights action.  Henderson does not address the
district court's dismissal of his damage claim against the state
trial court and judge as frivolous.  He argues merely that he is
entitled to a trial and to confront the witnesses against him.
When an appellant fails to identify any error in the district
court's analysis, it is as if the appellant had not appealed that
judgment.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Henderson did not address the district court's dismissal of his damages claims as frivolous, he has abandoned the only issue before this court on appeal. See Searcy v. Houston Lighting & Power Co., 907 F.2d 562, 564 (5th Cir. 1990). However, any claim against the state trial court is barred by the Eleventh Amendment. See Washington Legal Foundation v. Texas Equal Access to Justice Foundation, 94 F.3d 996, 1005 (5th Cir. 1996); Farias v. Bexar County Bd., 925 F.2d 866, 875 n.9 (5th Cir. 1991). Further, the trial judge has judicial immunity from Henderson's damage claim. See Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

Henderson also sought immediate release. Henderson does not address the district court's dismissal of his claim for habeas relief for failure to exhaust available state remedies. Because Henderson did not address the district court's dismissal of his habeas claim, he has abandoned the only issue before this court on appeal, see Searcy, 907 F.2d at 564, and this court need not address it. See Brinkmann, 813 F.2d at 748.

Henderson's appeal is without arguable merit and thus is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Henderson's appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

Henderson is cautioned that the district court's dismissal of this action as frivolous counts as a "strike" under § 1915(g) after this court issues its decision dismissing this appeal as frivolous and that the dismissal of this appeal as frivolous also counts as a "strike" under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Henderson accumulated two "strikes" in the district court's dismissal of a previous § 1983 action and this court's dismissal of his appeal as frivolous. See Henderson v. Criminal District Court #3, No. 99-10863 (5th Cir. Feb. 16, 2000)(unpublished). Henderson is advised that he has now accumulated at least three "strikes" under § 1915(g), and he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.