**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30188
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. GENTRY,

Defendant-Appellant.

---

No. 04-30210
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY N. THOMPSON, SR.,

Defendant-Appellant.

---

No. 04-30257
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY N. THOMPSON, JR.,

Defendant-Appellant.

No. 04-30188
No. 04-30210
No. 04-30257
No. 04-30258
-2-

No. 04-30258
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGAN GATTI,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50033-5
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Anthony R. Gentry, Larry N. Thompson, Sr., and Larry Neal Thompson, Jr., appeal the sentences imposed following their guilty-plea convictions of one count of bank robbery and one count of using firearms during a crime of violence. See 18 U.S.C. §§ 924(c)(1)(A), 2113. Their co-defendant, Regan Gatti, appeals from his jury-trial convictions and sentences on the above counts as well as one count of conspiring to use and carry firearms in the commission of the bank robbery and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one count of possession of stolen firearms.  See 18 U.S.C. §§ 922(j), 924(c),(o).

For the reasons discussed below, we AFFIRM Gatti's convictions and sentences and AFFIRM the sentences of Larry Neal Thompson, Jr. We VACATE the sentences of Gentry and Larry N. Thompson, Sr., and REMAND for resentencing of these defendants.

Gatti first argues that the district court erred in denying his motion for a judgment of acquittal made at the close of the Government's case-in-chief.  Gatti, who did not renew his FED. R. CRIM. P. 29 motion at the close of all the evidence, concedes that the evidence presented in defense was sufficient to sustain his convictions.  Gatti has not shown that there was a manifest miscarriage of justice with respect to any of his convictions. See United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).

Gatti contends that his trial counsel was ineffective for putting him on the witness stand, for failing to object to the presentence report, and for failing to move for a downward departure.  Because the record is not adequately developed, we will not consider Gatti's ineffective assistance of counsel claims on direct appeal.  See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

All of the defendants argue that pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), their sentences were imposed in violation of the Sixth Amendment because the facts underlying the

calculation of their sentences under the federal sentencing guidelines were not found by a jury beyond a reasonable doubt. As the defendants concede, their Blakely argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), pet. for cert. filed (U.S. July 14, 2004)(No. 04-5263).

Gentry argues that the district court erred in sentencing him to 10 years of imprisonment for his conviction for use of firearms during and in relation to a crime of violence. We affirm Gentry's 10-year sentence on this count because it is evident from the record that Gentry aided and abetted a violation of 18 U.S.C. § 924(c)(1)(A)(iii). See United States v. Sorrells, 145 F.3d 744, 753 (5th Cir. 1998); Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

Gentry argues, for the first time on appeal, that under Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2000), he is entitled to have a jury determine whether he is liable for the discharge of a weapon under 18 U.S.C. § 924(c)(1)(A)(iii). Gentry has failed to show plain error. See United States v. Barton, 257 F.3d 433, 442-43 (5th Cir. 2001).

Gentry also contends that the district court erred in adding two offense levels pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. Gentry has not shown that the district court's determination was clearly erroneous. See United States v. Luqman, 130 F.3d 113, 115-16 (5th Cir. 1997); U.S.S.G. §

1B1.3(1)(B). To the extent that Gentry contends that an adjustment under U.S.S.G. § 3C1.2 constituted impermissible double counting, his one-sentence argument fails to adequately brief the issue, and the issue is therefore waived. See United States v. Brace, 145 F.3d 247, 255 (5th Cir. 1998)(en banc); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Gentry and Larry N. Thompson, Sr., argue that the district court erred by including in the loss calculation under U.S.S.G. § 2B3.1 the cost of worker's compensation payments, medical expenses, and other costs related to personal injuries suffered by a police officer. Under the relevant guideline, "loss" is defined as "the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B3.1, comment. (n.3). "If the language of the guideline is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language." United States v. Carbajal, 290 F.3d 277, 283 (5th Cir. 2002). _"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

Because the plain language of the definition of "loss" under the robbery guideline extends only to impairments to property, we have determined that the district court erred in considering the

worker's compensation payments, medical expenses, and other costs associated with the injuries suffered by a police officer. See U.S.S.G. § 2B3.1, comment. (n.3); Carbajal, 290 F.3d at 283. Accordingly, the sentences of Gentry and Larry N. Thompson, Sr., are VACATED and the matter is REMANDED for resentencing in accordance with this opinion.

Finally, Larry Neal Thompson, Jr., argues that the district court violated his right of confrontation by relying on a letter submitted by the Government in denying his motion under FED. R. CRIM. P. 35. The record shows, however, that the district court denied the defendant's motion because he failed to file a reply, as ordered by the district court. When an appellant fails to identify any error in the district court's analysis, it is as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Larry Neal Thompson, Jr., has not addressed the district court's basis for denying his Rule 35 motion he has abandoned any contention regarding the district court's ruling. See Searcy v. Houston Lighting & Power Co., 907 F.2d 562, 564 (5th Cir. 1990).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.