United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30246
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. GENTRY,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50033-5
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony R. Gentry appeals the sentence imposed by the district court on remand. Gentry was sentenced to a 240-month term of imprisonment for bank robbery and to a mandatory consecutive 120-month term for using firearms during a crime of violence. Gentry's sentence was vacated on appeal and the matter was remanded for resentencing. See United States v. Gentry, 118 F. App'x 820, 821 (5th Cir. 2004). On resentencing, which occurred following the intervening decision in United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 543 U.S. 220 (2005), the district court again imposed a 240-month sentence of imprisonment on the bank robbery count, which was above the applicable guideline range.

Gentry argues that the district court should have more fully considered his history and characteristics in determining his sentence. Gentry emphasizes that he is only 25 years of age, that he had no felony convictions prior to the instant offense, and that he was gainfully employed and supporting his wife and two children. He contends that he was not one of the "main players" the robbery, and he asserts that he did not discharge a firearm during the offense. Gentry submits that his sentence should be within the guideline range of 151-88 months.

"Both a district court's post-Booker sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)." United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). However, the district court "need not engage in robotic incantations that each statutory factor has been considered." Id. at 707 (internal quotation marks and citation omitted).

At resentencing, the district court stated that it had considered the Sentencing Guidelines and everything in the probation officer's report, which detailed Gentry's history and characteristics. The district court also indicated that it had considered the seriousness of Gentry's conduct, which contributed

to the injury to a police officer, the harm to the community, and the sentences imposed on Gentry's co-defendants.

The record does not support Gentry's contention that the district court failed to give adequate consideration to his role in the offense, his history, and his characteristics. The district court carefully considered the sentencing factors and articulated "permissible reasons for its variance" from the guideline range. Id. at 410. Accordingly, Gentry's sentence is AFFIRMED.